**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:19 CR 369** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE DAN A. POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **DEFENDANT'S PRE-SENTENCE** |
| **ANTHONY ZANGARE, JR.,** | ) | **REPORT** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

Now comes the Defendant Anthony Zangare, by and through counsel, and hereby offers the Court Defendant's Pre-Sentence Report.

Defendant is an electrician and a current member of the International Brotherhood of Electrical Workers. Throughout his career he has been employed by various contractors including Burns & McDonald. About ten years ago Defendant was crushed in a man hole. His assignment that day was to pull old phone cables out of a man hole. To do this they employ a bull wheel which is a big spool cable is rolled up on. The spool is attached by a chain to a truck which pulls the spool to unravel the cable. The chain snapped and the bull wheel let go and pinned Defendant against the man hole wall. EMS was on scene, stabilized Defendant and rushed him to Parma General Hospital. Anthony was diagnosed with liver, spleen and kidney bruises. Most of his ribs were broken and he suffered a punctured lung. He was admitted and stayed at the hospital for over a week. During his hospital stay he was prescribed Percocet and upon his release he went home with prescriptions for Percocet. He was referred to pain management which he attended for almost eight years which basically

consisted of prescriptions for Percocet. Anthony healed after about six months. After that he had ear surgery where his ear had to be reconstructed and a second ear surgery. Anthony suffered injuries to both of his feet which required surgery thereafter. He had Achilles tendon surgery. Then he had the bones in his other foot broken and reset. He continued pain management which again consisted of mostly prescriptions for Percocet.

In early 2018 Opioids became news worthy and doctors were under scrutiny for prescribing them. Anthony was cut off from his prescription for Percocet by the pain management doctors. Anthony was always a strong person and thought that he could quit or stop taking them at any time. He did not realize that he was addicted to Percocet and that he could not function without Percocet. All of the money he earned was used to purchase Percocet on the street or where ever he could. At the height of his addiction he was taking five or six 30 mg Percocet, four or five times a day just to keep himself normal, or what he thought was normal. Although he earned a good income he had no money due to his addiction. He realized that by scrapping product he ordered for jobs for Burns & McDonald at First Energy from Pepco that he could obtain money to support his habit. He had the authority to order product and would order extra product which he would scrap for cash and use to purchase Percocet. He intended to just do this one time but then he continued to scrap to support his habit. He thought he had no choices due to his addiction except taking Percocet. He was simply surviving and continuing to work as long as he had a supply of Percocet.

He never used the money for personal benefit. He didn't buy any houses or go on extravagant vacations or buy exotic cars. He never sold drugs. He simply purchased Percocet which he consumed. He did not think he had a way out and this was his only choice. He was steadily going down hill physically, emotionally and mentally. His life was

falling apart.  He could not do his job. He could not have relationships.  His family wanted nothing to do with him and he was blind to it all.  He could not understand how he could let something like drugs take his life away.

Since this incident has occurred, Anthony has been clean and sober.  It was very difficult for him to learn to function on a daily basis without Percocet.  He went through terrible withdrawals and was sick for weeks in the beginning.  To his credit he has been able to overcome his addiction and maintain full time employment.  He supports himself.  He has been able to re-connect with his family members who support him now that he is clean.  This is not an easy thing to do. Unfortunately, it took being charged in this case for Anthony to overcome his denial and be able to overcome his addiction.

This is an unfortunate situation that happens to many good people.  This is Anthony's first involvement in criminal activity of this nature.  If this case was in the state courts, Anthony would have had the option of treatment in lieu of conviction and/or drug court which based upon his successful rehabilitation would have resulted in no criminal record and no incarceration.  Anthony did not have the ability to make good choices and to avoid criminal activity due to his addiction.  He has accomplished something that is extremely hard to do and very commendable, namely being clean and sober.  Currently he is a valuable employee for Concord Electric where he works full time and has been since October 14, 2019.  The goal in these Opiod addiction matters is to rehabilitate the person and to avoid any further criminal activity which Anthony has accomplished.  Incarceration

will serve no purpose in this case. It is respectfully requested that the Court deviate from the guidelines in this matter and sentence Defendant to whatever period of probation the Court feels comfortable upon strict terms and conditions. To impose a period of incarceration, suspended contingent upon compliance with all terms and conditions the Court requires.

Respectfully submitted,

/s/ Patrick D. Quinn
PATRICK D. QUINN, ESQ. (#0024806)
2802 SOM Center Road, Suite 102
Willoughby Hills, Ohio 44094
(440) 516-3800; Fax: (440) 516-2408
Email: pq@pqqla.com
Attorney for Defendant Anthony Zangare, Jr.

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically and notice will be sent to all parties electronically by operation of the court's electronic filing system this 17th of December, 2019.

/s/Patrick D. Quinn
PATRICK D. QUINN, ESQ.